IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ROBERT L. BROOKS**                                                                     **PETITIONER**
Reg. # 14665-026

V.                          CASE NO. 2:19-CV-49-KGB-BD

**ANTHONY HAYNES, Warden,**
**Federal Correctional Institution-Low,**
**Forrest City, Arkansas**                                                            **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Mr. Brooks may file written objections with the Clerk of Court within 14 days if he disagrees with the findings or conclusions in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Brooks does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

In June 2007, Mr. Brooks pleaded guilty to four counts of distributing five grams or more of cocaine base while on pretrial release from United States District Court, Central District of Illinois. *Brooks v. United States*, No. 17-2168, 2017 WL 3315266, at 1 (C.D. Ill. Aug. 3, 2017). In September 2007, United States District Judge Michael P.

McCuskey held the sentencing hearing. The Presentence Investigation Report determined that Mr. Brooks qualified as a career offender under § 4B1.1 of the Sentencing Guidelines based on two prior felony convictions for controlled substances offenses: (1) unlawful delivery of a controlled substance, Kankakee, Illinois, County Case No. 97-CF-729; and (2) attempted unlawful delivery of a controlled substance, Iroquois County, Illinois, Case No. 97-CF-53. *Id*. Mr. Brooks objected to the career offender designation, but the Court overruled his objection. *Id*.

With the career offender designation, Mr. Brooks's Sentencing Guideline range was 262 to 327 months' imprisonment. *Id*. In addition, because he had committed each of the four felony counts while on pretrial release, he was subject to an additional mandatory consecutive sentence of up to 10 years. *Id*. Judge McCuskey sentenced Mr. Brooks to 274 months — 262 months' imprisonment on each of the four felony counts, to run concurrently, and a 12-month consecutive sentence. *Id*.

Mr. Brooks appealed, and his appointed counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). See *United States v. Brooks*, 278 F.App'x. 688, 690 (7th Cir. 2008). Mr. Brooks submitted a response to counsel's motion, asserting that his attempted unlawful-delivery conviction was not a controlled-substance offense, because he did not have any drugs in his possession when he was caught by police. He argues, therefore, that could not have intended to deliver the drugs. *Id.* at 691. The Court of Appeals for the Seventh Circuit found that any argument Mr. Brooks might raise suggesting that the attempted unlawful-delivery conviction should not be deemed a controlled-substance offense would be frivolous. *Id*.

Further, the Seventh Circuit rejected Mr. Brooks's argument that the District Court was required to examine the plea colloquy to determine whether his conviction involved a controlled substance, noting that "a sentencing court cannot look behind the statute, judgment, and charging document when the nature of the conviction categorically qualifies for recidivist sentencing consideration under the guidelines." *Id*. at 691. The Court granted counsel's motion to withdraw and dismissed the appeal. *Id*. at 692.

On September 20, 2011, Mr. Brooks filed his first Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 750. *Brooks v. United States*, 2:07-CR-20047-JES-DGB-1, Docket No. 32 (C.D. Ill. September 20, 2011). The District Court denied the motion on February 8, 2012, because, as a career offender, Mr. Brooks was not eligible for a reduction of his sentence. *Id*. at Docket No. 35.

In October, 2014, Mr. Brooks filed his first petition for writ of habeas corpus under 28 U.S.C. §2241 with the Southern District of Illinois. In the petition, Mr. Brooks argued that the magistrate judge's acceptance of his felony guilty plea on June 7, 2007, violated the Federal Magistrates Act, Federal Rule of Criminal Procedure 59, and his due process rights. *Brooks v. Cross*, No. 14-CV-1148-DRH, 2014 WL 5705119, at 2 (S.D. Ill. Nov. 5, 2014). Brooks maintained that he was entitled to an automatic reversal of his conviction and sentence. *Id*. The court summarily dismissed Mr. Brooks's petition because he claimed a legal error in his conviction and sentence that could have been raised in a motion brought under 28 U.S.C. § 2255 with the sentencing court and because the savings clause of 28 U.S.C. §2255(e) did not apply. *Id*.

Mr. Brooks appealed the dismissal of his petition, but the Seventh Circuit dismissed his appeal for failure to timely pay the required docketing fee. *Brooks v. Cross*, No. 14-3514, Document 7-1 (7th Cir. Jan. 21, 2015).

On January 23, 2015, Mr. Brooks filed a second motion for reduction of his sentence with the sentencing court under 18 U.S.C. 3582(c)(2) and amendments 782 and 750. *Brooks v. United States*, 2:07-CR-20047-JES-DGB-1, Docket No. 36 (C.D. Ill. January 23, 2015). The sentencing court appointed counsel to represent Mr. Brooks, but his appointed counsel moved to withdraw, noting that Mr. Brooks was not eligible for a sentence reduction under the amendments because he was sentenced as a career offender. *Id*. at Docket No. 37. The sentencing court granted the motion to withdraw, agreeing with appointed counsel that the amendment to 782 did not change Mr. Brooks's guideline range.

The sentencing court allowed Mr. Brooks to file a *pro se* response either conceding that the amendment did not apply or explaining why the amendment should apply, despite his career-offender status. *Id*. at Docket No. 38. Mr. Brooks filed a response and memorandum brief. *Id*. at Docket Nos. 39 & 40. The sentencing court, however, ultimately denied the motion in an order dated January 18, 2019. *Id*. at Docket No. 42.

Meanwhile, on June 9, 2017, Mr. Brooks filed a 28 U.S.C. § 2255 motion in the Central District of Illinois, Springfield Division. *Brooks v. United States*, No. 17-2168, 2017 WL 3315266, at 2 (C.D. Ill. Aug. 3, 2017). The court rejected Mr. Brooks's claim that, under *Mathis v. United States*, 136 S.Ct. 2243 (2016), his prior conviction for

attempted unlawful delivery of a controlled substance did not qualify as a predicate offense under the career offender guideline. *Id*. The court held that Mr. Brooks could not rely on *Mathis* for §2255 relief because *Mathis*, a case of statutory interpretation and not constitutional law, did not announce a new rule of *constitutional* law, as required to bring a successful §2255 petition. *Id*. at 3 (citing *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (finding that *Mathis* did not authorize a successive § 2255 petition; in part, because *Mathis* did not announce a new rule of constitutional law)) (other citations omitted). Further, the court found that Mr. Brooks's motion was untimely. *Id*. at 3-4.

Mr. Brooks filed a notice of appeal, which the Seventh Circuit treated as an application for a certificate of appealability and denied on May 24, 2018. *Brooks v. United States*, No. 17-3029, Doc. #00713251256 (7th Cir. May 24, 2018).

On January 14, 2019, prompted by a letter from Mr. Brooks, the sentencing court again appointed a Federal Public Defender to represent Mr. Brooks in all further proceedings. *Brooks v. United States*, 2:07-CR-20047-JES-DGB-1, Text Order (C.D. Ill. January 14, 2019). On April 25, 2019, counsel filed a motion to reduce Mr. Brooks's sentence under the First Step Act. *Id*. at Docket No. 45. The motion remains pending.

On May 1, 2019, Mr. Brooks, who is currently serving his federal sentence at the Federal Correctional Institution in Forrest City, Arkansas, filed a second petition for writ of habeas corpus asking this Court to vacate his sentence under 28 U.S.C. § 2241. In his memorandum of law in support of his petition, Mr. Brooks contends that he is entitled to relief under § 2255's savings clause, because he is factually innocent of his crime of conviction due to a change of law. (#2 at 11) (citing *Hill v. Masters*, 836 F.3d 591 (6th

5

Cir. 2016)). Specifically, Mr. Brooks contends that, considering *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis*, his prior convictions do qualify as crimes that would allow him to be designated as a career offender. (#2 at 12-23)

### III.   Jurisdiction:

The Court lacks jurisdiction to hear Mr. Brooks's petition. Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005)). A federal district court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The last clause is a provision generally referred to as §2255's "savings clause." *Abdullah*, 392 F.3d at 959.

To invoke the savings clause, Mr. Brooks must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). This exception, however, is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), *cert. denied*, 537 U.S. 869 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit Mr. Brooks to file under § 2241.

*Lopez-Lopez*, 590 F.3d at 907. Moreover, a remedy under § 2255 is not deemed inadequate or ineffective merely because the claim was previously raised in a § 2255 motion but rejected as a second or successive § 2255 petition, or because a § 2255 petition was time-barred. *Id*.

In this petition, Mr. Brooks clearly challenges his sentence. His direct appeal was unsuccessful, as was his first § 2255 motion, where he argued that the Supreme Court's decision in *Mathis* rendered his sentence as a career offender improper. When he was denied §2255 relief, he appealed to the Seventh Circuit, which denied his appeal. As set forth above, none of these unsuccessful attempts render § 2255 an inadequate or ineffective remedy for Mr. Brooks. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)) (§ 2255 motion is not inadequate or ineffective merely because the sentencing Court denied relief, or because the court denied permission to file a second or successive petition). In fact, Mr. Brooks is currently pursuing another motion with the sentencing Court for a reduction of his sentence under the First Step Act. *Brooks v. United States*, 2:07-CR-20047-JES-DGB-1, Docket No. 45 (C.D. Ill. April 25, 2019).

Mr. Brooks relies on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) to support his argument that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective.[1] In *Hill*, however, the Sixth Circuit addressed "only a narrow subset of § 2241 petitions" that involve: prisoners who were sentenced under the mandatory guidelines regime before

---

[1] The Sixth Circuit's opinion in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) is not binding precedent for this Court, which lies within the Eighth Circuit.

*United States v. Booker*, 543 U.S. 220 (2005); prisoners who are foreclosed from filing a successive petition under § 2255; and a subsequent, retroactive change in statutory interpretation by the Supreme Court holding that a previous conviction is not a predicate offense for purposes of a career-offender enhancement. *Hill*, 836 F.3d at 599–600.

Mr. Brooks's claim that his petition is one that belongs in the "narrow subset" described in *Hill* is misplaced for several reasons. First, Mr. Brooks was sentenced after *Booker* in September, 2007, under the advisory guidelines. Additionally, as set forth above, Mr. Brooks is not foreclosed from seeking relief from the sentencing court, and he currently has a motion pending to reduce his sentence. And finally, the Eighth Circuit has held that:

> neither *Mathis* nor *Descamps* announced "a new rule of law, made retroactive to cases on collateral review by the Supreme Court," as § 2255(h)(2) and § 2244(b)(2)(A) require. Rather, "these decisions are simply the Supreme Court's latest interpretations of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony."

*Winarske v. United States*, 913 F.3d 765, 768 (8th Cir. 2019) (citing *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018), citing *Mathis*, 136 S.Ct. at 2257, and *Descamps*, 570 U.S. at 260).

Mr. Brooks's § 2241 petition is, in essence, a successive § 2255 motion. Because he has already challenged his sentence through an earlier § 2255 motion, he is advised that, before he is eligible to file another motion, he must seek and receive an order from the Seventh Circuit Court of Appeals authorizing the sentencing court to consider the

motion. 28 U.S.C. § 2255(h). Authorization is required even if Mr. Brooks claims actual innocence. 28 U.S.C. § 2255(h)(1).

## IV. Conclusion:

The Court recommends that Judge Baker DISMISS, without prejudice, Robert L. Brooks's petition for writ of habeas corpus (#1) for lack of jurisdiction.

DATED this 6th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE