THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ROBERT L. BROOKS                                                         PETITIONER

v.                             Case No. 2:19-cv-00049-KGB

ANTHONY HAYNES                                                           RESPONDENT

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Beth Deere on May 6, 2019 (Dkt. No. 4-1). Judge Deere recommends that petitioner Robert L. Brooks' petition for a writ of *habeas corpus* be dismissed without prejudice. Mr. Brooks has filed a timely objection to Judge Deere's Recommended Disposition (Dkt. No. 9). After careful review of the Recommended Disposition and Mr. Brooks' objection thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's conclusion. The Court writes separately to address briefly Mr. Brooks' objection to Judge Deere's Recommended Disposition.

### I.   Factual And Procedural History

Mr. Brooks is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (Dkt. No. 1-1, ¶ 2). In June 2007, Mr. Brooks pleaded guilty, without a written plea agreement, in the United States District Court for the Central District of Illinois to four counts of distribution of five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 3147. *See United States v. Brooks*, No. 2:07-CR-20047-JES-DGB-1 (C.D. Ill. June 25, 2007). The sentencing judge determined that Mr. Brooks qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines

("Sentencing Guidelines") based on two prior felony convictions for controlled-substance offenses in state court and sentenced Mr. Brooks to 274 months in prison and 8 years of supervised release.

Mr. Brooks appealed his conviction to the United States Court of Appeals for the Seventh Circuit, contending that one of the two state-court convictions, a conviction for attempting to deliver cocaine, was neither a felony conviction nor a controlled-substance offense. *See United States v. Brooks*, 278 F. App'x 688 (7th Cir. May 22, 2008). The Seventh Circuit, characterizing Mr. Brooks' arguments as frivolous, affirmed the district court and dismissed the appeal. *See id.* at 691–93.

On September 20, 2011, Mr. Brooks filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), which the sentencing court denied on February 8, 2012. Mr. Brooks then filed a petition for a writ of *habeas corpus* with the Southern District of Illinois, which summarily dismissed the petition on November 5, 2014. *See Brooks v. Cross*, No. 14-CV-1148-DRH, 2014 WL 5705119 (S.D. Ill. Nov. 5, 2014). Mr. Brooks appealed, and the Seventh Circuit dismissed his appeal for failure to pay timely the required docketing fee. *See Brooks v. Cross*, No. 14-3514 (7th Cir. Jan. 21, 2015). On January 23, 2015, Mr. Brooks filed a second motion for sentence reduction under 18 U.S.C. § 3582(c)(2), which the sentencing court denied on January 18, 2019.

On June 9, 2017, Mr. Brooks filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the Central District of Illinois denied as untimely on August 3, 2017. *See Brooks v. United States*, No. 17-2168, 2017 WL 3315266 (C.D. Ill. Aug. 3, 2017). Thereafter, Mr. Brooks filed a notice of appeal, which the Seventh Circuit construed as an application for a certificate of appealability and denied on May 24, 2018. *See Brooks v. United States*, No. 17-3029 (7th Cir. May 24, 2018).

Mr. Brooks then initiated the instant case by filing a second petition for a writ of *habeas corpus* and a memorandum of law in support thereof in this Court on May 1, 2019 (Dkt. No. 1–1, 2). On May 6, 2019, Judge Deere issued a recommended disposition in which she recommended that Mr. Brooks' petition for a writ of *habeas corpus* be dismissed, without prejudice, for want of subject-matter jurisdiction (Dkt. No. 4-1). On June 10, 2019, Mr. Brooks filed an objection to Judge Deere's Recommended Disposition (Dkt. No. 9).

## II. Discussion

This matter is before the Court on a petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2241. Because Mr. Brooks is a *pro se* litigant, the Court has liberally construed his filings and has attempted to discern a basis in law for relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

It is well-established that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court—here, the Central District of Illinois—under 28 U.S.C. § 2255, not in a *habeas* petition filed in the court of incarceration—here, the Eastern District of Arkansas—under 28 U.S.C. § 2241. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). Here, by claiming that intervening decisions of the United States Supreme Court call into question his status as an armed career criminal, Mr. Brooks attacks the validity of his sentence. In addition, because Mr. Brooks has already filed a motion pursuant to § 2255, which the Central District of Illinois denied, Mr. Brooks was required, but failed, to obtain permission to file a successive § 2255 motion before asserting these arguments that attack the validity of his sentence and are properly raised in a § 2255 proceeding. *See* 28 U.S.C. § 2255(h).

Mr. Brooks' reliance on the "savings clause" of 28 U.S.C. § 2255(e) is misplaced. "Section 2255 contains a narrowly-circumscribed 'safety valve' that permits a federal prisoner to petition for a writ of habeas corpus under § 2241 if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.'" *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061–62 (8th Cir. 2002) (quoting 28 U.S.C. § 2255(e)). Thus, if § 2255 were to be found "inadequate or ineffective," Mr. Brooks could file a § 2241 petition. That being said, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (citing *United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir. 2000)).

In this case, Mr. Brooks claims that he is actually innocent of the crime for which he was convicted because, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), the sentencing court erred in finding that his prior convictions qualified for the armed career offender enhancement. However, the Court declines to consider the issue because, as the United States Court of Appeals for the Eighth Circuit has made clear:

> [N]either *Mathis* nor *Descamps* announced "a new rule of law, made retroactive to cases on collateral review by the Supreme Court," as § 2255(h)(2) and § 2244(b)(2)(A) require. Rather, "these decisions are simply the Supreme Court's latest interpretations of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony."

*Winarske v. United States*, 913 F.3d 765, 768 (8th Cir. 2019) (quoting *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018)), *cert. denied*, 140 S. Ct. 211 (2019); *see also Forrest v. United States*, 934 F.3d 775, 778 (8th Cir. 2019) (citing *Martin*, 904 F.3d at 597, for the proposition that "[n]either *Mathis* nor *Descamps* announced a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review"), *cert. denied*, 140 S. Ct. 669 (2019); *Steele v. Beasley*, No. 2:19-CV-23-JM-BD, 2019 WL 1270932, at *2 (E.D. Ark. Mar. 19, 2019)

4

(same), *report and recommendation adopted*, No. 2:19-CV-23-JM-BD, 2019 WL 1461909 (E.D. Ark. Apr. 2, 2019), *aff'd sub nom. Steele v. Doe*, No. 19-1830, 2019 WL 5390950 (8th Cir. Aug. 6, 2019); *Aubin v. Beasley*, No. 2:18-CV-00051-DPM-PSH, 2018 WL 5724450, at *4 (E.D. Ark. Oct. 12, 2018) (same), *report and recommendation adopted*, No. 2:18-CV-51-DPM, 2018 WL 5726194 (E.D. Ark. Oct. 31, 2018). Mr. Brooks' position is foreclosed by the Eighth Circuit's decisions in *Winarske* and its progeny.

In his objection to Judge Deere's Recommended Disposition, Mr. Brooks relies primarily on *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *cert denied.*, 139 S. Ct. 1318 (2019). In that case, the Fourth Circuit explained that a motion to vacate, set aside, or correct a sentence is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Mr. Brooks' reliance on *Wheeler* is inapposite. First, *Wheeler* is not binding on this Court, which lies in the Eighth Circuit. Second, and more to the point, the Eighth Circuit considered and expressly rejected the argument now made by Mr. Brooks, holding in *Winarske* that "neither *Mathis* nor *Descamps* announced a new rule of law, made retroactive to cases on collateral review by the Supreme Court, as § 2255(h)(2) and § 2244(b)(2)(A) require." 913 F.3d at 768 (citation and internal quotation marks omitted).

In sum, Mr. Brooks may not invoke the savings clause of § 2255(e) and proceed under § 2241. Mr. Brooks' *habeas* petition is denied.

5

### III. Certificate Of Appealability

Mr. Brooks identified his claims as falling under 28 U.S.C. § 2241. This Court, however, agrees with Judge Deere that Mr. Brooks' petition is properly construed under 28 U.S.C. § 2255 (Dkt. No. 4-1, at 8–9). "Under the Antiterrorism and Effective Death Penalty Act of 1996, there can be no appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (citing 28 U.S.C. § 2253(c)(1)). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Obtaining a certificate of appealability "does not require a showing that the appeal will succeed," and a court should not decline the application for a certificate of appealability "merely because it believes the applicant will not demonstrate an entitlement to relief." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Having carefully reviewed Mr. Brooks' submissions and the relevant law, the Court finds that reasonable jurists could not debate whether he should obtain relief in his collateral challenge to his sentence. Therefore, the Court declines to issue a certificate of appealability. Mr. Brooks may still apply to the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

### IV. Conclusion

In sum, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 4-1). The Court dismisses without prejudice Mr.

Brooks' petition for a writ of *habeas corpus* and denies the relief requested therein (Dkt. No. 1-1).

The Court declines to issue a certificate of appealability.

It is so ordered this 24th day of February, 2020.

_____
Kristine G. Baker
United States District Judge